Steven M. Chabre, SBN 173271
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
(510) 749-1440
(510) 749-0466 (fax)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| MARY VALLEJOS,<br><br>        Plaintiff,<br><br>    vs.<br><br>BECHTEL SHORT TERM DISABILITY PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>        Defendants. | Case No.: C 07-05363 EMC<br><br>**COMPLAINT FOR DISABILITY BENEFITS UNDER ERISA** |

Plaintiff, Mary Vallejos, alleges:

1. JURISDICTION: Plaintiff's claims are filed pursuant to 29 U.S.C. § 1001, et seq. ("ERISA"). Jurisdiction and venue are therefore proper pursuant to 29 U.S.C. § 1132.

2. INTRADISTRICT ASSIGNMENT: A substantial part of the events which give rise to this claim occurred in San Francisco County. Therefore assignment to the San Francisco/Oakland Division is appropriate under Civil L.R. 3-2(c)-(d).

COMPLAINT (C 07-05363 EMC)                                                                                                  1

3. Plaintiff brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to clarify her rights to past and future benefits under the terms of an ERISA welfare benefit plan. Plaintiff seeks payment of ongoing disability benefits and all back benefits that are due to her, with interest.

4. This action seeks attorney fees and costs pursuant to 29 U.S.C. § 1132(g).

## THE PARTIES

5. Plaintiff is an adult resident of San Francisco County.

6. Defendant Bechtel Short Term Disability Plan ("the Plan") is an employee welfare benefit plan that was established by Bechtel Corporation ("Bechtel") under ERISA.

7. Plaintiff is and was at all times relevant a participant and beneficiary of the Plan.

8. Life Insurance Company of North America ("LINA") is a corporation, incorporated in the state of Pennsylvania, and it is authorized to conduct business in the state of California.

## THE DISABILITY PLAN

9. The Plan is called the Bechtel Short Term Disability Plan.

10. The Plan administrator is Bechtel.

11. The Plan promises to pay monthly benefits to participants who are disabled as defined by the Plan.

12. The Plan has a basic and a supplemental benefit program, and plaintiff enrolled in both the basic and supplemental benefit programs.

13. The Plan is insured by LINA by means of a group insurance policy numbered LK-6899, which LINA issued to Bechtel.

14. Claims are paid out of the assets of LINA.

15. LINA decides whether or not a claim made under the Plan will be paid and is a fiduciary of the Plan.

## PLAINTIFF'S DISABILITY

16. Plaintiff is a 55 year-old woman.

17. Bechtel has employed plaintiff since June 1970. Her latest occupation with Bechtel has been as a field services manger on an oil and gas project in Kuwait. That position required managing all of the administrative tasks associated with the project including procurement, operation and maintenance of the field office, recruiting and training personnel, establishing administrative controls, and managing facilities.

18. Bechtel assigned plaintiff to an extremely stressful work site in Kuwait in August 2006. She soon developed major depressive disorder and panic disorder. Plaintiff stopped working December 14, 2006 due to depression and panic.

19. In November 2006 plaintiff returned to San Francisco. She started treatment with a psychiatrist, William Anderson, M.D., in December 2006. Dr. Anderson determined that plaintiff was unable to return to work, and to the present time he continues to opine that plaintiff cannot return to work because of her medical condition.

## DISABILITY BENEFIT CLAIM HISTORY

20. Plaintiff applied for short-term disability benefits under the Plan, by filing a claim with LINA on or about December 31, 2006.

21. LINA denied the claim by letter dated March 14, 2007.

22. Plaintiff timely appealed the decision on August 23, 2007.

23. LINA denied the appeal by letter dated September 25, 2007.

24. LINA breached its fiduciary duty to plaintiff by arbitrarily denying her claim for the purpose of furthering its own financial interests. Evidence of LINA's self-dealing includes:

    a. LINA's unsubstantiated rejection of plaintiff's treating physician's opinion that plaintiff is disabled;

    b. LINA's failure to have a physician examine plaintiff or even to have a physician review her medical records;

    c. LINA's insistence on proof of impairment in cognitive functioning when plaintiff's disability is not cognitive but affective in nature; and

    d. LINA's failure ever to make a coherent statement as to why it had decided to deny plaintiff's claim.

25. Plaintiff exhausted her administrative remedies under the Plan.

## FIRST CAUSE OF ACTION
### (Claim for Benefits – All Defendants)

26. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

27. Plaintiff has performed all of her obligations under the Plan.

28. All conditions precedent to plaintiff's bringing this ERISA claim and to her collecting benefits under this ERISA plan have been performed by plaintiff or have occurred.

29. Plaintiff has been disabled under the terms of the Plan since December 14, 2006, and following an eight day waiting period, she has been eligible to receive benefits under the Plan at all times since December 22, 2006.

30. 29 U.S.C. § 1132 (a)(1)(B) states:

A civil action may be brought --

    (1) by a participant or beneficiary --

        (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

31. The defendants' actions constitute an unlawful denial of benefits under the Plan and under ERISA, as provided in 29 U.S.C. § 1132 (a)(1)(B).

## SECOND CAUSE OF ACTION
### (Attorneys Fees and Costs -- All Defendants)

32. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

33. Under the standards applicable to ERISA, plaintiff seeks to recover "a reasonable attorney's fee and costs of the action" herein, pursuant to 29 U.S.C. § 1132(g).

## PRAYER FOR RELIEF

34. Plaintiff respectfully requests that this Court review the denial of benefits in this case and declare that she is entitled to ongoing disability benefits under the Plan; entitled to payment of back benefits; and to interest on all back benefits.

35. Plaintiff seeks payment of all attorney's fees and costs associated with attempting to secure the benefits owed to her pursuant to 29 U.S.C. § 1132(g).

36. Finally, plaintiff seeks such other relief as this Court finds appropriate.


BY:_____/s/ *Steven M. Chabre, Esq.*_____   DATED: October 19, 2007
      STEVEN M. CHABRE
      Attorney for Plaintiff