ADRIENNE C. PUBLICOVER (SBN 161432)
DENNIS J. RHODES (SBN 168417)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN& DICKER LLP
525 Market Street, 17th Floor
San Francisco, CA 94105
Telephone:     (415) 433-0990
Facsimile:     (415) 434-1370

Attorneys for Defendants
BECHTEL SHORT TERM DISABILITY PLAN
and LIFE INSURANCE COMPANY OF NORTH AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY VALLEJOS, | Case No.:     CV07-05363 SC |
| Plaintiff, | **ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT** |
| v. | |
| BECHTEL SHORT TERM DISABILITY PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA, | Judge Samuel Conti |
| Defendants. | Filing Date     :     October 19, 2007 |

COME NOW Defendants BECHTEL LONG TERM DISABILITY PLAN ("Bechtel") and LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") (collectively referred to as "Defendants"), for themselves and themselves alone, and answer the allegations in the Complaint for Disability Benefits, by Plaintiff, Mary Vallejos ("Plaintiff"), as follows:

Federal Rule of Civil Procedure 8(a)(2) states, in pertinent part, that a pleading that sets forth a claim for relief shall provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Rule 8(e)(1) states that "[e]ach averment of a pleading shall be simple, concise, and direct." The Complaint violates these provisions as it contains partial

---

1

**ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT**

USDC NDCA Case #CV07-05363 SC
317751.1

1  quotes and unnecessary advocacy.  In answering the Complaint, Defendants only are required to

2  address the averments upon which Plaintiff relies to allegedly state a claim.

3      1.    In response to Paragraph 1 of the Complaint, Defendants admit the allegations of

4  said Paragraph.

5      2.    In response to Paragraph 2 of the Complaint, Defendants admit the allegations of

6  said Paragraph.

7      3.    In response to Paragraph 3 of the Complaint, Defendants admit Plaintiff seeks past

8  and future benefits under the ERISA Plan, seeks payment of benefits with interest and seeks to

9  clarify her rights to benefits under the Plan.  Defendants expressly deny that Plaintiff is entitled to

10  such benefits.

11      4.    In response to Paragraph 4 of the Complaint, Defendants admit that Plaintiff's

12  complaint seeks attorneys fees.  Defendants expressly deny that Plaintiff is entitled to attorneys

13  fees.

14  **ANSWER TO THE PARTIES**

15      5.    In response to Paragraph 5 of the Complaint, Defendants admit the allegations of

16  said Paragraph.

17      6.    In response to Paragraph 6 of the Complaint, Defendants admit the allegations of

18  said Paragraph.

19      7.    In response to Paragraph 7 of the Complaint, Defendants admit the allegations of

20  said Paragraph.

21      8.    In response to Paragraph 8 of the Complaint, Defendants admit the allegations of

22  said Paragraph.

23  **ANSWER TO THE DISABILTY PLAN**

24      9.    In response to Paragraph 9 of the Complaint, Defendants admit the allegations in

25  said Paragraph.

26

27

28

**ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT**

USDC NDCA Case #CV07-05363 SC
317751.1

10.    In response to Paragraph 10 of the Complaint, Defendants admit the allegations of said Paragraph.

11.    In response to Paragraph 11 of the Complaint, Defendants admit that it issued the subject policy providing disability benefits to Bechtel employees the terms of which speak for themselves.

12.    In response to Paragraph 12 of the Complaint, Defendants admit that it issued the subject policy providing disability benefits to Bechtel employees the terms of which speak for themselves.    Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny the remaining allegations in said Paragraph.

13.    In response to Paragraph 13 of the Complaint, Defendants admit that the Plan is a fully insured Plan issued by LINA to the Wilmington Trust Bank as trustee of the Group Insurance Trust for Employees in the Services Industries and that Bechtel Corporation is a subscriber.  Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny the remaining allegations in said Paragraph.

14.    In response to Paragraph 14 of the Complaint, Defendants admit the allegations of said Paragraph.

15.    In response to Paragraph 15 of the Complaint, Defendants admit that LINA is the claims administrator under the Plan and determines whether or not a claim will be paid.  Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and on that basis deny the remaining allegations in said Paragraph.

## ANSWER TO PLAINTIFF'S DISABILITY

16.    In response to Paragraph 16 of the Complaint, Defendants admit the allegations of said Paragraph.

**ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT**
USDC NDCA Case #CV07-05363 SC
317751.1

17. In response to Paragraph 17 of the Complaint, Defendants admit that Plaintiff was an employee of Bechtel as a field services manager on an oil and gas project in Kuwait. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the remaining allegations in said Paragraph.

18. In response to Paragraph 18 of the Complaint, Defendants admit that Plaintiff was assigned to work in Kuwait and discontinued work on or about December 14, 2006. Defendants deny that Plaintiff was disabled from major depressive disorder and panic disorder. Except as expressly admitted or denied, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis deny the remaining allegations in said Paragraph.

19. In response to Paragraph 19 of the Complaint, Defendants admit that Plaintiff returned to San Francisco on or about November 2006, that she consulted psychiatrist William Anderson, M.D. and that Dr. Anderson opined that Plaintiff was unable to return to work. Defendants deny that Plaintiff is unable to return to work because of her medical condition.

### ANSWER TO DISABILITY CLAIM HISTORY

20. In response to Paragraph 20 of the Complaint, Defendants admit the allegations of said Paragraph.

21. In response to Paragraph 21 of the Complaint, Defendants admit that LINA sent Plaintiff a letter dated March 14, 2007, the terms of which speak for themselves.

22. In response to Paragraph 22 of the Complaint, Defendants admit the allegations in said Paragraph.

23. In response to Paragraph 23 of the Complaint, Defendants admit that LINA sent Plaintiff a letter dated September 25, 2007, the terms of which speak for themselves.

24. In response to Paragraph 24 of the Complaint, Defendants deny the allegations in said Paragraph.

**ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT**

USDC NDCA Case #CV07-05363 SC
317751.1

1    25.    In response to Paragraph 25 of the Complaint, Defendants admit the allegations in

2    said Paragraph.

3                        **ANSWER TO FIRST CAUSE OF ACTION**

4    26.    In response to Paragraph 26 of the Complaint, Defendants incorporate by reference

5    the responses to Paragraph 1 – 26 as if fully set forth herein.

6    27.    In response to Paragraph 27 of the Complaint, Defendants deny the allegations of

7    said Paragraph.

8    28.    In response to Paragraph 28 of the Complaint, Defendants deny the allegations in

9    said Paragraph.

10    29.    In response to Paragraph 29 of the Complaint, Defendants deny the allegations of

11    said Paragraph.

12    30.    In response to Paragraph 30 of the Complaint, Defendants admit that the terms of 29

13    U.S.C. § 1132 speak for themselves.

14    31.    In response to Paragraph 31 of the Compliant, Defendants deny the allegations of

15    said Paragraph.

16                        **ANSWER TO SECOND CAUSE OF ACTION**

17    32.    In response to the allegations of Paragraph 32 of the Complaint, Defendants

18    incorporate by reference the responses to Paragraph 1 – 26 as if fully set forth herein.

19    33.    In response to the allegations of Paragraph 33 of the Complaint, Defendants admit

20    that Plaintiff seeks to recover attorney's fees and costs under ERISA.    Defendants deny that

21    Plaintiff is entitled to said fees and costs.

22                        **ANSWER TO PRAYER FOR RELIEF**

23    34.    In response to Paragraph 34 of the Complaint, Defendants deny that Plaintiff is

24    entitled to any of the relief requested by the Prayer for Relief in the Complaint.

25    35.    In response to Paragraph 35 of the Complaint, Defendants deny that Plaintiff is

26    entitled to attorneys fees and costs under ERISA.

27

28

5

**ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE
COMPANY OF NORTH AMERICA TO COMPLAINT**

1    36.    In response to Paragraph 36 of the Complaint, Defendants deny that Plaintiff is

2    entitled to any other relief.

3    37.    WHEREFORE, Defendants prays for judgment as set forth below:

4    **AFFIRMATIVE DEFENSES**

5    **FIRST AFFIRMATIVE DEFENSE**
     **(Failure To State A Claim)**

6

7    38.    Plaintiff's Complaint fails to state a claim upon which relief may be granted against

     Defendants.

8

9    **SECOND AFFIRMATIVE DEFENSE**
     **(Proper Claim Decision)**

10

11   39.    The claim decision was correct and proper under the terms of the Plan.

12   **THIRD AFFIRMATIVE DEFENSE**
     **(Decision Not Arbitrary or Capricious)**

13

14   40.    Under the terms of the Plan, Defendants are vested with discretionary authority to

     determine eligibility for benefits and to interpret the terms and provisions of the insurance policy.

15

16   The claim decision is properly reviewed by the court under an arbitrary and capricious standard of

     review.   The decision to deny Plaintiff's claim for continued long term disability benefits was not

17

     arbitrary and capricious.

18

19   **FOURTH AFFIRMATIVE DEFENSE**
     **(Ineligibility for Coverage)**

20

21   41.    Plaintiff was not eligible for coverage under the Plan as she failed to demonstrate

     total disability under the terms of the Policy.

22

23   **FIFTH AFFIRMATIVE DEFENSE**
     **(Failure To Satisfy Conditions Precedent)**

24

25   42.    Defendants on information and belief and on that basis allege that Plaintiff's action

     against Defendants is barred because Plaintiff has failed to satisfy all conditions precedent to

26

     payment of benefits under the Plan sued upon.

27

28
**ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE**
**COMPANY OF NORTH AMERICA TO COMPLAINT**
USDC NDCA Case #CV07-05363 SC
317751.1

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

43.    By her conduct or that of her agents, Plaintiff has waived, or is estopped to assert, every claim for relief against Defendants set forth in her Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Parol Evidence Rule)

44.    Plaintiff's claims for relief are barred by the parol evidence rule, to the extent that such rule has been made a part of the federal common law of ERISA.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unjust Enrichment)

45.    Plaintiff's claims are barred by principles of unjust enrichment.

## NINTH AFFIRMATIVE DEFENSE
### (Privileged and Good Faith Conduct)

46.    Defendants allege that each and every act or statement done or made by Defendants, or by Defendants' agents, with reference to Plaintiff, was privileged as a good faith assertion of Defendants' legal and contractual rights.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with Plan Terms)

47.    Defendants assert that Plaintiff has failed to comply with the terms of the Plan that is subject of this action, and accordingly, Plaintiff's claim for benefits is barred.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

48.    Defendants assert that Plaintiff's claim for benefits is time barred under the provisions of the Plan that is the subject of this action, applicable statutes of limitations and/or statutes of limitations under ERISA.

\\\

\\\

ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE
COMPANY OF NORTH AMERICA TO COMPLAINT

USDC NDCA Case #CV07-05363 SC
317751.1

## TWELFTH AFFIRMATIVE DEFENSE
### (Entitlement to Set-Off)

49.     To the extent that a court holds that Plaintiff is entitled to benefits, which Defendants deny, Defendants are entitled to a set-off for any additional other income benefits that should be taken into account in calculating her long term disability benefits, including, but not limited to, any benefits Plaintiff has received from the Social Security Administration or Workers' Compensation.

50.     Defendants reserve the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, Defendants pray for judgment as follows:

1.      That Plaintiff take nothing against Defendants by reason of her Complaint on file herein, that judgment be awarded in favor of Defendants, and against Plaintiff, and that Defendants be dismissed from this action;

2.      That Defendants be awarded their attorneys' fees incurred herein;

3.      That Defendants be awarded their costs of suit; and

4.      That the Court grant such other and further relief as it may deem just and proper.

Date: January 14, 2008                    WILSON, ELSER, MOSKOWITZ,
                                          EDELMAN & DICKER LLP


By:_____/s/ Dennis J. Rhodes_____
                 ADRIENNE C. PUBLICOVER
                 DENNIS J. RHODES
                 Attorneys for Defendants
                 BECHTEL SHORT TERM DISABILITY
                 PLAN and LIFE INSURANCE COMPANY
                 OF NORTH AMERICA

ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE
COMPANY OF NORTH AMERICA TO COMPLAINT
USDC NDCA Case #CV07-05363 SC
317751.1

**CERTIFICATE OF SERVICE**
*Mary Vallejos v. Bechtel Short Term Disability Plan, et al.*
*USDC NDCA Case #CV07-05363 SC*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

: **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

: **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

: **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Steven M. Chabre, Esq.
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
Tel:    (510) 749-1440
Fax:    (510) 749-0466

*Attorneys for Plaintiff*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **January 14, 2008**, at San Francisco, California.

_____
Nancy Li

ANSWER OF DEFENDANTS BECHTEL LONG TERM DISABILITY PLAN AND LIFE INSURANCE COMPANY OF NORTH AMERICA TO COMPLAINT
USDC NDCA Case #CV07-05363 SC
317751.1