Steven M. Chabre, SBN 173271
The Law Office of Steven M. Chabre
1335 Park Avenue
Alameda, CA 94501
(510) 749-1440
(510) 749-0466 (fax)

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY VALLEJOS,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BECHTEL SHORT TERM DISABILITY PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　Defendants. | Case No.: C 07-5363 SC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: February 8, 2008<br>Time: 2:00 PM<br>Courtroom: 17, San Francisco |

　　　Plaintiff MARY VALLEJOS ("Ms. Vallejos") and Defendants BECHTEL SHORT TERM DISABILITY PLAN ("the Plan") and LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA") hereby submit this Joint Case Management Conference Statement pursuant to F.R.Civ.P. 26(f) and the Court's Order dated January 17, 2008.

　　　**1.　Jurisdiction and Service of Process**

　　　This is an ERISA claim for disability insurance benefits, and the Court has jurisdiction over it pursuant to 29 U.S.C. §1132(e). All parties have been served, and defendants have answered the Complaint.

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT  (C 07-5363 SC)**

1

322381.1

### 2. Facts

Ms. Vallejos worked in various positions with Bechtel Corporation ("Bechtel") for 36 years. Her latest occupation with Bechtel was as a field services manger on an oil and gas project in Kuwait. By reason of her employment, Ms. Vallejos was insured under a group disability insurance policy issued by LINA. Ms. Vallejos stopped working December 14, 2006 due to depression and anxiety. She filed a claim under the Plan with LINA in December 2006. LINA determined that Ms. Vallejos was not disabled as defined by the Plan and denied the claim. Ms. Vallejos appealed LINA's decision, but LINA denied her appeal. Having exhausted her administrative remedies, Ms. Vallejos filed suit on October 19, 2007.

### 3. Legal Issues

The legal issues involved in this case are the proper standard of review, the scope of the administrative record and plan documents, and the extent to which the parties may conduct discovery.

### 4. Motions

The parties anticipate that one of them may file a motion to determine the proper standard of review. If the standard of review turns out to be abuse of discretion, then cross motions for summary judgment will likely be filed. Because of the parties' differing views on the extent of discovery allowed in ERISA claims, there will likely be a motion related to discovery.

### 5. Amendment of the Pleadings

No party currently anticipates amending its pleadings.

### 6. Evidence Preservation

Plaintiff has no program for document destruction or erasing e-mails, voice mails, and other electronically recorded material. Defendants will produce the administrative record with its initial disclosures in advance of trial.

### 7. Initial Disclosures

The parties will complete initial disclosures by February 7, 2008.

**8.    Discovery**

None of the parties has conducted discovery yet.  As the parties cannot agree on the scope of discovery appropriate in this matter, they have not completed a discovery plan.

**1. Plaintiff Contends**

Plaintiff contends that she is entitled to discovery to obtain all information contained in the "administrative record" and "plan documents" related to this ERISA matter.  29 C.F.R. § 2560.503-1(h)(2); 29 U.S.C. § 1024(b)(4).  In addition, defendants allege that they have discretionary authority to interpret the Plan and to make factual determinations under the Plan.  Assuming that this is true, under Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 970-973 (9th Cir. 2006);  Welch v. Metropolitan Life, 480 F.3d 942, 949-950 (9th Cir. 2007); and Saffon v. Wells Fargo& Co. Long Term Disability Plan, __ F.3d __ (9th Cir. January 9, 2008), plaintiff is entitled to discovery on whether defendants allowed their conflict of interest to affect their decision to deny benefits.  Plaintiff has a right to probe "the nature, extent, and effect on the decision-making process of any conflict of interest."  Abatie, 458 F.3d at 970; see also, Medford v. Met. Life Ins. Co., 244 F.Supp.2d 1120, 1128-1129 (Nev. 2003); Klund v. High Technology Solutions, Inc., 417 F.Supp.2d 1155 (S.D. Cal. 2005).  The more evidence plaintiff can put forward of defendants' self-interested behavior, the less deference the Court will afford defendants' decision.  Abatie, 458 F.3d at 970; Saffon __ F.3d at __.  Plaintiff's discovery will be closely tailored to the conflict issue and may include written requests for information and a limited number of depositions of the individuals responsible for the decision to deny plaintiff's claim.

**1. Defendants Contend**

Defendants contend that discovery is not appropriate in ERISA matters and admissible evidence is limited to the administrative record.  While plaintiff contends she is free to conduct discovery, plaintiff should be required to bring the appropriate motion for leave to do so.

**9.    Class Actions**

This is not a class action.

JOINT CASE MANAGEMENT CONFERENCE STATEMENT  (C 07-5363 SC)

322381.1

10. **Related Cases**

There are no related cases.

11. **Relief Sought**

Ms. Vallejos seeks reinstatement of the monthly disability insurance benefits she is owed under the Plan, including past-due benefits. The Plan documents define how the monthly benefit is calculated. She seeks interest on the past-due benefits. She seeks an award of attorney's fees, consistent with ERISA.

12. **Settlement and ADR**

Plaintiff prefers to go through Court-sponsored mediation and seek referral of the case to the ADR Department. Defendants prefer voluntary private mediation. The parties are meeting and conferring on the issue. There have been no settlement negotiations to date.

13. **Consent to Magistrate Judge**

Defendants did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or any other special procedure.

15. **Narrowing of Issues**

Depending on the state of the plan documents and the conduct of defendants' claims handling, as revealed by the administrative record and discovery, it may be possible for the parties to agree on the proper standard of review.

16. **Expedited Schedule**

This case should be streamlined. There will be no jury trial. Depending on the standard of review and the conduct of defendants' claims handling, the case may be decided entirely upon the administrative record either through cross motions for summary judgment or a trial on the papers.

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT  (C 07-5363 SC)**

17. **The Parties propose the following case schedule:**

- February 8, 2008, Initial Status Conference
- June 9, 2008, Mediation Due
- August 22, 2008 Discovery Cut-off
- September 26, Dispositive Motions Due
- December 15, 2008, Pre-trial Conference
- January 26, 2009, Trial Date

18. **Trial**

The case will be tried to the Court and the parties anticipate a trial of one day.

19. **Disclosure of Non-party Interested Entities or Persons**

Plaintiff knows of no non-party on her side who has an interest in this litigation. Defendants are unaware of any other interested parties at present.

20. **Other Matters**

None.

DATED: February 1, 2008

THE LAW OFFICE OF STEVEN CHABRE

By: _____/S/_____
Steven Chabre
Attorney for Plaintiff
MARY VALLEJOS

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT  (C 07-5363 SC)**

322381.1

1 | DATED: February 1, 2008

WILSON, ELSER, MOSKOWITZ
EDELMAN, & DICKER LLP

BY: _____/S/_____

    Dennis Rhodes
Attorneys for Defendants
BECHTEL SHORT TERM DISABILITY
PLAN and LIFE INSURANCE COMPANY
OF NORTH AMERICA

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT  (C 07-5363 SC)**

322381.1